[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Brian Donaldson appeals the decision of the Department of Motor Vehicles (Department) which suspended his motor vehicle operator's license for six months pursuant to General Statutes 14-227b. The appeal is brought pursuant to General Statutes 4-183. The court finds the issues in favor of the defendant Department.
In his brief, the plaintiff advances three bases for his appeal. The court addresses each one separately.
The first basis of the plaintiff's appeal is his contention that the Department followed improper procedure in that the official whose name appears on the notice of the final decision is not the official who conducted the administrative hearing. The plaintiff argues that this indicates that an official who did not hear the evidence nevertheless rendered the final decision.
The facts which are material to this first issue are undisputed. Some of these facts were established, without objection, by an affidavit submitted to the court at oral argument on this appeal. The officer who presided at the agency hearing was Attorney Sharon Geanuracos. The hearing was held on January 2, 1992. On January 3, Attorney Geanuracos rendered her decision. In so doing, she submitted it to the Department for computer typing and dissemination. A Department clerk entered the decision in the computer under the name William Grady, in error. The result was that the notice of decision indicated Grady as the hearing officer, designated by the Commissioner of Motor Vehicles, who rendered the decision in the case. The notice was plainly in error. The actual circumstances were later explained by the Department in its decision on the CT Page 9731 plaintiff's petition for reconsideration, dated January 24, 1992, issued by John Yacavone, Legal Services Division Chief, for the Commissioner. In view of the facts set forth above and the correction of the record by the Department, the court concludes that the error in the Department's original notice of decision was not significant. As such, it does not afford a basis for appeal under General Statutes 4-183, which requires a showing that "substantial rights of the person appealing have been prejudiced" by "unlawful procedure."
The second basis of the plaintiff's appeal is that the extra pages of narrative which were attached to the A44 form should not have been admitted in evidence because the officer did not indicate on the A44 form that he was incorporating the extra pages into his report. However, the face page of the A44 form contains instructions providing, in part, as follows:
 Attach additional sheets or materials necessary to explain portions of this Report. Such attachments are considered part of this Report and are approved by the Commissioner. The statements and information contained therein are sworn to under penalty of false statement.
As indicated, the face page contains the police officer's signature under penalty of false statement as required by General Statutes 14-227b(c). Furthermore, the attached pages bear the notation that they were subscribed and sworn to in the presence of a lieutenant of the west Hartford police on the same date as the main form. There is no requirement in the statutes, regulations or case law that any further formalities are required to make the attached pages admissible as a part of the A44 form. The plaintiff's contention to the contrary may not be sustained.
The final basis of the plaintiff's appeal is his contention that the police did not have the requisite articulable and reasonable suspicion of wrongdoing to stop the plaintiff prior to determining whether probable cause existed to arrest him for drunk driving, citing State v. Lamme, 216 Conn. 172 (1990); Field v. Goldberg, CV91 70 20 04 (Superior Court, Hartford-New Britain J.D. at Hartford, December 19, 1991, Maloney, J.).
As indicated above, the report of the police officer who arrested the plaintiff was properly admitted in evidence. In CT Page 9732 that report, the police officer states that he observed the plaintiff make a U-turn at an intersection and yell insults at pedestrians and other drivers. It was 2:00 A.M., and the incident occurred outside a saloon that had just closed. The plaintiff produced two witnesses, a friend who was a passenger in his pick-up truck and an acquaintance. They testified that the plaintiff made a legal turn out of a driveway, reversing his direction, rather than an illegal U-turn. They also testified that he did not curse or insult anyone.
Standing alone, the police officer's report contains sufficient facts to establish a legal basis for stopping the plaintiff for further investigation. The totality of the circumstances indicated therein created at the least a reasonable suspicion that the plaintiff was driving while drunk in violation of General Statutes 14-227a; guilty of breach of the peace in violation of General Statutes 53a-181; and/or guilty of disorderly conduct in violation of General Statutes53a-182. Although the plaintiff produced witnesses whose testimony differed from the officer's report, "a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness . . . ." Connecticut Building Wrecking Co. v. Carothers, 218 Conn. 580, 593 (1991). This court may not try the case de novo, adjudicate facts, or substitute its own discretion for that of the agency. Miko v. CHRO, 220 Conn. 192, 201 (1991).
For all of the above reasons, the plaintiff's appeal may not be sustained. It is, therefore, dismissed.
Maloney, J.